FILED

2012 OCT 31  PM 4: 31

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  David J. Vendler, State Bar No. 146528
2  MORRIS POLICH & PURDY LLP
3  1055 West Seventh Street, 24th Floor
   Los Angeles, California 90017
4  Telephone:    (213) 891-9100
   Facsimile:    (213) 488-1178
5
6  Attorneys for Defendant,
   VITAL PHARMACEUTICALS, INC.
7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10  GABE WATKINS, on Behalf of Himself      CASE No.  **CV12-09374 - SJO(JCx)**
11  and
    All Other Persons Similarly Situated,   [Re: Los Angeles Superior Court Case
12                                           No. BC492707]

13              Plaintiff,

14  vs.                                      **NOTICE OF REMOVAL OF
                                             ACTION**
15  VITAL PHARMACEUTICALS, INC.,
    and GENERAL NUTRITION CENTERS,
16  INC.

17

18              Defendant.

19

20      **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

21      Defendant VITAL PHARMACEUTICALS, INC. (hereinafter, "VITAL")

22  hereby gives notice of removal of the above-entitled action from the Superior

23  Court of California, for the County of Los Angeles, Case No. BC492707, to the

24  United States District Court for the Central District of California, and states:

25      1.  On September 25, 2012, plaintiff GABE WATKINS (hereinafter,

26  "Plaintiff") commenced suit against VITAL and Defendant GENERAL

27  NUTRITION CENTERS, INC. (hereafter "GNC") in the Superior Court of the

28  State of California, for the County of Los Angeles, by filing an action entitled

L0393601.DOC                          1

*Gabe Watkins v. Vital Pharmaceuticals, Inc.; and General Nutrition Centers, Inc.*, Case No. BC492707.

2. VITAL was served with copies of the Summons and Complaint in the above-entitled action on October 1, 2012.

3. True and correct copies of the Summons and Complaint constituting all of the papers and pleadings served upon VITAL and which are included in the court file are attached to the Declaration of David J. Vendler ("Vendler Decl.") and marked collectively as "Exhibit A".

## JURSIDICTIONAL BASIS FOR REMOVAL

4. This Court has original jurisdiction over this action pursuant to the provisions of the Class Action Fairness Act (CAFA) 28 U.S.C. § 1332(d)(2), and the general removal statute, 28 U.S.C. § 1441(b). The complaint is styled as a class action to recover monies that were paid by consumers who purchased ZERO IMPACT® Protein Bars. (Plaintiff's Complaint, Exhibit "A" to Vendler Decl.)

5. All of the requirements for removal under CAFA exist in this case. Minimal diversity exists because it is alleged on page 1 that the Complaint is brought on behalf of "all customers in the United States who purchased Zero Impact High Protein Mealbars." (Plaintiff's Complaint at ¶1, Exhibit "A" to Vendler Decl.) VITAL is incorporated in Florida and maintains its principal place of business in Florida. (Vendler Decl., ¶5; Plaintiff's Complaint at ¶8, Exhibit "A" to Vendler Decl.) Likewise, co-Defendant GNC is incorporated in Delaware and maintains a principal place of business in Pennsylvania. (Plaintiff's Complaint at ¶9, Exhibit "A" to Vendler Decl.) The ZERO IMPACT® Protein Bars were sold throughout the United States and GNC maintains retail operations throughout the United States. (Plaintiff's Complaint at ¶¶9-11, Exhibit "A" to Vendler Decl.) Thus, at least one of the purported class members is a resident of a state other than Delaware, Pennsylvania, Florida or

NOTICE OF REMOVAL OF ACTION

1   California.

2       6.   The allegations of the Complaint reveal that the purported class contains

3   "thousands of consumers." (Plaintiff's Complaint at ¶11, Exhibit "A" to Vendler

4   Decl.)

5       7.   That the combined claims of the Plaintiff class exceed $5,000,000 is

6   also determinable from the face of the Complaint.  More specifically, paragraph

7   15 alleges that "the aggregate damages sustained by the Class are likely in the

8   millions of dollars." (Plaintiff's Complaint at ¶15, Exhibit "A" to Vendler Decl.)

9   In addition, as set forth in the Declaration of Richard Cimino, VITAL had total

10  sales of ZERO IMPACT® Protein Bars in the last four years in excess of $5

11  Million.   Plaintiff's requests for restitution, disgorgement of profits, and

12  attorneys' fees and costs shows to a legal certainty that the amount in controversy

13  threshold has been met.

14      8.   This case does not fall within the "home state" exception to CAFA

15  which requires that more than two thirds of the class members reside in the home

16  state (in this case California) or the "discretionary abstention" provision, which

17  allows the federal court to abstain if at least one third of the class members reside

18  in the state and the primary defendants are citizens of the state in which the action

19  was filed.  (See, 28 U.S.C. 1332(d)(3) and (4).)  As stated, Plaintiff's Complaint

20  is brought on behalf of "all customers in the United States who purchased Zero

21  Impact High Protein Mealbars," which product was sold nationally during this

22  time period.   Thus, there are potentially class members across the country, not

23  only in California.

24      9.   On all of these bases, the action is removable under CAFA and 28

25  U.S.C. §1441(a).

26      10. This Notice is timely under the provisions of 28 U.S.C. §1446(b).  On

27  October 1, 2012, the Summons and Complaint was served upon VITAL.  Thus,

28  VITAL has filed this Notice within 30 days of service of the initial pleading

setting forth the claim for relief upon which the action is based.

11. The United States District Court for the Central District of California embraces the county in which the state court action is now pending, and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 84(d).

12. Written notice of this removal is being served this date on counsel for Plaintiff pursuant to 28 U.S.C. § 1446(d).

13. Written notice of this removal is being filed this date with the Clerk of the State Court in which the action is currently pending pursuant to 28 U.S.C. § 1446(d).

14. VITAL has not previously appeared in this action.

WHEREFORE, Defendant VITAL PHARMACEUTICALS, INC. prays that the above-entitled action now pending in the Superior Court of the State of California, County of Los Angeles, be removed therefrom to the United States District Court for the Central District of California, and prays that said action stand so removed.

Dated: October 31, 2012

Respectfully submitted,

**MORRIS POLICH & PURDY LLP**

By: _____

David J. Vendler
Attorneys for Defendant
VITAL PHARMACEUTICALS, INC.

# DECLARATION

**DECLARATION OF DAVID J. VENDLER**

I, David J. Vendler, declare:

1. I am an attorney at law duly authorized to practice law before all the courts of the State of California. I am a partner with the law firm of Morris, Polich & Purdy, LLP, attorneys for Defendant VITAL PHARMACEUTICALS, INC. ("VITAL") in this action. I am familiar with the facts, issues, pleadings and records in this matter. If called upon as a witness, I could and would competently testify to the following facts:

2. I am informed and believe that on October 1, 2012, VITAL was served with the Summons and Complaint in the action entitled *Gabe Watkins v. Vital Pharmaceuticals, Inc.; and General Nutrition Centers, Inc.,* Case No. BC492707. True and correct copies of the Summons and Complaint constituting all of the papers and pleadings served upon VITAL and which are included in the court file are attached hereto as Exhibit "A".

3. I have communicated with counsel for GNC who has informed me that he consents to Removal of this matter to the United States District Court, Central District.

4. I am informed and believe that VITAL is incorporated in Florida.

5. Plaintiff's Complaint alleges that the likely aggregate damages are in the "millions." (Complaint, ¶15.) Plaintiff seeks restitution, disgorgement of profits, and attorneys' fees, based upon sales of the ZERO IMPACT® Protein Bars to "thousands" of consumers throughout the United States. Plaintiff also seeks attorneys' fees in addition to damages. There is thus a legal certainty that the amount in controversy in this matter consists of an aggregate in excess of $5 Million.

/ / /

/ / /

/ / /

L0393601.DOC

5

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 31st day of October, 2012, at Los Angeles, California.

_____
David J. Vendler

# EXHIBIT A

John 1277.
10/1/12 3:06

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

VITAL PHARMACEUTICALS, INC., GENERAL NUTRITION
CENTERS, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GABE WATKINS, on Behalf of Himself and All Other Persons
Similarly Situated

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 25 2012

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DOROTHY SWAIN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Los Angeles Superior Court | CASE NUMBER: <br> *(Número de Caso):* **BC492707** |
| --- | --- |

111 N. Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marc L. Godino, Glancy Binkow & Goldberg LLP, 1925 Century Park East, Suite 2100, LA 90067

| DATE: <br> *(Fecha)* SEP 25 2012 | John A. Clarke | Clerk, by <br> *(Secretario)* D.M. Swain | , Deputy <br> *(Adjunto)* |
| --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |
| --- | --- | --- |

LIONEL Z. GLANCY (#134180)
MARC L. GODINO (#182689)
CASEY E. SADLER (#274241)
**GLANCY BINKOW & GOLDBERG LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:   (310) 201-9150
Facsimile:   (310) 201-9160
E-mail:      info@glancylaw.com

*Attorneys for Plaintiff*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 25 2012

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
       DOROTHY SWAIN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| GABE WATKINS, on Behalf of Himself and All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VITAL PHARMACEUTICALS, INC., and GENERAL NUTRITION CENTERS, INC.<br><br>Defendants. | CASE NO.  BC492707<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COPY**

Plaintiff Gabe Watkins ("Plaintiff"), by his attorneys, alleges upon personal knowledge as to his own acts, and as to all other matters upon information and belief based upon, *inter alia,* the investigation made by and through his attorneys.

## INTRODUCTION

1.     Plaintiff brings this action on behalf of himself and a class of all customers in the United States who purchased Vital Pharmaceuticals, Inc. ("VPX")'s Subject Bars, as defined herein (the "Class").

2.     Plaintiff and the Class have been harmed by VPX's mislabeling and improper marketing of its ZERO IMPACT High Protein Mealbars (the "Subject Bars")[1].  Thus, Plaintiff seeks damages, equitable relief and/or disgorgement.

3.     Plaintiff asserts claims individually and on behalf of others similarly situated under the Unfair Competition Law ("UCL" or "Section 17200'), and Business and Professions Code § 17200, *et seq.*  Additionally, Plaintiff alleges that defendants' conduct constituted breach of contract and unjust enrichment.

## JURISDICTION AND VENUE

4.     The amount in controversy exceeds the jurisdictional minimum of this Court.

---

[1] The Subject Bars include VPX's Peanut Butter & Jelly, Pumpkin Supreme, and Chocolate Peanut Butter flavored ZERO IMPACT High Protein Mealbars.

5.     This Court has jurisdiction over VPX and GNC (defined below) (together, "Defendants") named herein because Defendants do sufficient business in California, have sufficient minimum contacts with California or otherwise intentionally avail itself of the markets within California through sales and marketing to render the exercise of jurisdiction by the California courts permissible under traditional notions of fair play and substantial justice. Defendant GNC also maintains numerous stores within the state of California.  Moreover, this Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, Section 10 and Plaintiff further has standing to bring this action pursuant to the UCL and CLRA.

6.     Venue is proper in this Court because the misconduct at issue took place and had effects in this County. Moreover, venue is proper in this County because Plaintiff resides in Los Angeles and Defendant GNC maintains numerous retail stores within this County.

## THE PARTIES

7.     Plaintiff Gabe Watkins purchased the Subject Bars and was damaged by Defendants' mislabeling and improper marketing of the Subject Bars as alleged herein.  Plaintiff Gabe Watkins is currently a resident of Los Angeles, California.

8.     Defendant Vital Pharmaceuticals, Inc. ("VPX"), which distributes sports supplements under the brand name VPX, is a sports nutrition corporation located in

Florida, United States. Among VPX's better-known products are Redline, Black Pearl, and the Zero Impact and Zero Carb dietary supplements.  VPX's principle executive offices are located at 1600 North Park Drive, Weston, Florida 33326-3210.

9.    Defendant General Nutrition Centers, Inc. ("GNC") is a Delaware corporation with its principle executive offices located at 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222.  According to GNC, it is the largest global specialty retailer of nutritional products; including vitamin, mineral, herbal and other specialty supplements and sports nutrition, diet and energy products. GNC has more than 4,800 retail locations throughout the United States (including more than 1,000 franchise and 1,200 Rite Aid store-within-a-store locations) and franchise operations in 48 international markets.

## CLASS ACTION ALLEGATIONS

10.    Plaintiff brings this lawsuit, both individually and as a class action on behalf of similarly situated customers of VPX, pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3).  The proposed Class consists of:

All individuals in the United States who purchased the Subject Bars.

Excluded from the proposed Class are Defendants, their respective officers, directors, and employees, and any entity that has a controlling interest in the Defendants. Plaintiff reserves the right to amend the Class definition as necessary.

11.   **Numerosity**:   Upon information and belief, the Class comprises thousands of consumers throughout the United States and is so numerous that joinder of all members of the Class is impracticable.   While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiff reasonably believes that there are at least tens of thousands of Class members.

12.   **Common Question of Law and Fact Predominate**:   There are questions of law and fact common to the Class, which predominate over any individual issues, including:

(A)   Whether Defendants' practices were deceptive, unfair, improper and/or misleading;

(B)   Whether Defendants engaged in the conduct alleged herein;

(C)   Whether Defendants' conduct as alleged herein constitutes breach of contract;

(D)   Whether Defendants' conduct as alleged herein constitutes unjust enrichment;

(E)   Whether Defendants' conduct as alleged herein violated the California Business & Professions Code § 17200 *et seq.*;

(F)   Whether Defendants' conduct violated the Consumers Legal Remedies Act;

(G)   Whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

(H)   Whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

13.   **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class have been similarly affected by Defendants' common course of conduct since they all relied on Defendants' representations concerning their products and purchased the products based on those representations.

14.   **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the interest of the Class.  Plaintiff has retained counsel with substantial experience in handling complex class action litigation.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

15.   **Superiority of the Class Action:**  A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable.  While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by each Class member resulting from Defendants' wrongful conduct are too small to warrant the

CLASS ACTION COMPLAINT

1   expense of individual suits.  The likelihood of individual Class members prosecuting

2   their own separate claims is remote, and even if every Class member could afford

3
4   individual litigation, the court system would be unduly burdened by individual

5   litigation of such cases.  Individual members of the Class do not have a significant

6
7   interest in individually controlling the prosecution of separate actions, and

8   individualized litigation would also present the potential for varying, inconsistent, or

9   contradictory judgments, and would magnify the delay and expense to all of the

10
11   parties and to the court system because of multiple trials of the same factual and legal

12   issues.  Plaintiff knows of no difficulty to be encountered in the management of this

13   action that would preclude its maintenance as a class action.  In addition, Defendants

14
15   has acted or refused to act on grounds generally applicable to the Class and, as such,

16   final injunctive relief or corresponding declaratory relief with regard to the members

17   of the Class as a whole is appropriate.

18
19       16.   Unless a class is certified, Defendants will retain monies it took from

20   Plaintiff and proposed Class by means of its unlawful conduct.  Unless an injunction

21   is issued, Defendants will continue to commit the alleged violations, and the members

22   of the Class and the general public will continue to be misled.

23

24

25

26

27

28

# FACTUAL ALLEGATIONS

17.    According to VPX, it was founded in 1993 with one goal in mind: "To produce the highest-grade, university proven sports nutrition supplements and performance beverages in the world." As VPX's website continues:

> VPX delivered on its promise by funding over 15 landmark studies at the top universities in the country including, UCLA. Florida State, Baylor, University of Southern Maine and Memphis Universities et al. VPX continues to update and release new nutrition products, proudly maintaining its distinction as the "Frontrunner in Sports Nutrition." VPX is orchestrated by the world's leading authority, author and developer of performance enhancing supplementation and physique-altering nutrition, Founder and CEO, Jack Owoc.[2]

18.    With the above as their mantra, VPX makes numerous products with a variety of stated health purposes.  For example, the Subject Bars were marketed and sold as meal replacements that had "Zero Impact" on blood sugar and insulin.  Foods that have little or no impact on blood sugar are vital for diabetics, whose bodies do not produce enough insulin to properly regulate the glucose levels in their body.[3]

19.    As the wrapping/labels of the Subject Bars state:

---

[2] http://www.vpxsports.com/our-company/.

[3] Insulin is a hormone, produced by the pancreas, which is central to regulating carbohydrate and fat metabolism in the body. Insulin stops the use of fat as an energy source by inhibiting the release of glucagon. With the exception of the metabolic disorder diabetes and metabolic syndrome, insulin is provided within the body in a constant proportion to remove excess glucose from the blood, which otherwise would be toxic.

CLASS ACTION COMPLAINT

Every effort has been made to make sure that the sugars contained in this bar have a minimal impact on blood sugar and insulin. Consequently, the majority of sugars contained in the ZERO IMPACT® High Protein, Meal Replacement Bar (MRB™) are low DE (Dextrose Equivalent) and, therefore, have significantly less impact on blood sugar and glycemic index than most whole grain carbohydrates. This innovation incorporates the use of low glycemic carbohydrates, fiber, high-grade proteins, and naturally occurring essential fats from nuts, seeds, milk proteins and grains. The ZERO IMPACT BAR also contains CLA and Sesamin to maintain healthy blood sugar and insulin levels and reduce body fat. I Jack Owoc, CEO and Chief of Research and Development at VPX, have invested 3.5 years into creating the most scientifically advanced and healthy Protein Bar on the planet. The ZERO IMPACT® MRB™ is a key food source for the ZERO IMPACT Diet™. Mark my word. The ZERO IMPACT dietary concepts are going to be the 21st Century's dominant school of thought regarding rapid fat loss and lean muscle accrual![4]

20.   Additionally, besides simply stating that the Subject Bars were "Zero Impact," the bars front wrappers/labels also all indicated that they had 30 grams of High Grade Protein.

21.   However, the Subject Bars actually contained large amounts of undisclosed sugars and carbohydrates, making them have a substantial impact on blood sugar and insulin. Failing to properly label these sugars and carbohydrates makes the "Zero Impact" labeling both false and misleading.  Even more importantly, failing to properly label the Subject Bars makes them dangerous to diabetics.

---

[4] This information can also be found on VPX's website at http://www.vpxsports.com/muscle-building-supplements/zero-impact-protein-bars.

CLASS ACTION COMPLAINT

22.   For example, the Subject Bars all contained glycerin[5] and other sugar alcohols.  Glycerin is a sugar alcohol and carbohydrate that is known to elevate the blood sugar levels in most diabetics.  Thus, the United States Food and Drug Administration (the "FDA") identifies glycerin[6] that is a food additive as a carbohydrate.[7]  Specifically, the FDA requires that the amount of glycerin be included in the products labeling under the category for "total carbohydrates" in the mandatory nutrition label.  Additionally, when a product makes a statement on its labeling or marketing regarding sugar and sugar content, which "Zero Impact" certainly does, the glycerin content per serving must also be declared as a sugar alcohol in the mandatory nutrition label.

23.   Even though VPX clearly knew, or should have known, that glycerin is a carbohydrate and a sugar alcohol, it improperly labeled and falsely marketed the Subject Bars.  Thus, they knowingly and purposefully violated applicable laws and regulations, including those of the FDA, in the sale of the Subject Bars.

[5] "99.7 USP glycerin" was included as an ingredient on the packaging of the Subject Bars.

[6] Glycerin is also known as glycerol or glycerine.  In foods and beverages, glycerine serves as a humectant, solvent, and sweetener, and may help preserve foods. It is also used as filler in commercially prepared low-fat foods (e.g., cookies), and as a thickening agent in liqueurs.

[7] Additionally, when used in foods, glycerine also is categorized as a carbohydrate by the American Dietetic Association.

**Plaintiff's Purchase of the Subject Bars**

24.     Plaintiff Gabe Watkins repeatedly purchased the Subject Bars because of their "Zero Impact" labeling.  For example, on August 1, 2012, Plaintiff Gabe Watkins purchased one of the Subject Bars from one of GNC's stores located in Sherman Oaks, California.

25.     Had the Subject Bars been accurately and properly labeled and marketed, he would not have bought the Subject Bars.

26.     Thus, since VPX mislabeled and failed to disclose the true nature of the Subject Bars, and GNC sold the mislabeled Subject Bars, Defendants have improperly deprived Plaintiff of significant funds.

**FIRST CAUSE OF ACTION**
**Unfair Business Practices Act**
**Cal. Bus. & Prof. Code § 17200 *et seq.***

27.     Plaintiff, on behalf of himself and on behalf of all others similarly situated, realleges and incorporates herein by reference each of the foregoing paragraphs.

28.     The Unfair Business Practices Act defines unfair business competition to include any "unfair," "unlawful," or "fraudulent" business or practice.  Cal. Bus. & Prof. Code § 17200, *et seq.*  Unfair competition also includes "unfair, deceptive, untrue or misleading advertising."   The Act also provides for injunctive relief and restitution for violations.

CLASS ACTION COMPLAINT

29.   Throughout the Class Period, Defendants committed acts of unfair competition, as defined by Business & Professions Code § 17200, by falsely labeling the Subject Bars.

30.   Defendants' conduct is unfair in that the harm to Plaintiff and the Class arising from it outweighs the utility, if any, of those practices.

31.   Defendants' conduct was fraudulent and likely to deceive reasonable consumers in that Defendants omitted and/or failed to disclose material facts regarding the Subject Bars.  Defendants' failure to disclose the true contents of its Subject Bars constitutes deception by omission.  Defendants had a duty to disclose these material facts.

32.   The facts concealed and omitted are material facts in that a reasonable consumer would have considered them important in deciding whether or not to purchase the Subject Bars.

33.   As a result of Defendants' practices, Plaintiff suffered injury in fact and lost money or property.  As a direct and proximate result of the acts and practices alleged above, pursuant to California Business & Professions Code §17203, Plaintiff and the Class are therefore entitled to: (a) an Order requiring Defendants to cease the acts of unfair competition alleged herein; (b) full restitution of all monies paid to Defendants as a result of its deceptive practices, including, but not limited to, disgorgement of all profits derived from the sale of the Subject Bars; (c) interest at the

CLASS ACTION COMPLAINT

highest rate allowable by law; and (d) the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia,* California Code of Civil Procedure §1021.5.

## SECOND CAUSE OF ACTION
### Deceptive Practices
### Consumers Legal Remedies Act, California Civil Code § 1750 et seq.

34.   Plaintiff, on behalf of himself and on behalf of all others similarly situated, realleges and incorporates herein by reference each of the foregoing paragraphs.

35.   At all relevant times, Plaintiff and each proposed Class member was a "consumer," as that term is defined in Civ. Code § 1761(d).

36.   At all relevant times, the Subject Bars constituted "goods," as that term is defined in Civ. Code § 1761(a).

37.   At all relevant times, VPX and GNC were "persons," as that term is defined in Civ. Code § 1761(c).

38.   At all relevant times, Plaintiff's and each proposed Class Member's purchase of a Subject Bar constituted a "transaction," as that term is defined in Civ. Code § 1761(e).

39.   Defendants' practices, acts, policies, and course of conduct violated the CLRA in that Defendants' represented that its Subject Bars characteristics, uses and benefits which they do not have, in violation of § 1770(a)(5) of the CLRA.

40.     Defendants' practices, acts, policies, and course of conduct violated the CLRA in that Defendants improperly represented that its Subject Bars were of a particular standard, quality, or grade, in violation of § 1770(a)(7) of the CLRA.

41.     Defendants' practices, acts, policies, and course of conduct violated the CLRA in that Defendants represented that its goods had characteristics with the intent not to sell them as advertised, in violation of § 1770(a)(9) of the CLRA.

42.     Defendants' practices, acts, policies, and course of conduct violated the CLRA in that Defendants represented that a transaction confers or involves rights, remedies, or obligations which it does not have, in violation of § 1770(a)(14) of the CLRA.

43.     Plaintiff seeks restitution of all monies received by Defendants as a result of its improper sale of the mislabeled Subject Bars as provided in California Civil Code § 1780.  Plaintiff is informed and believes that the amount of said restitution is unknown at this time, but will seek relief to amend this complaint at the time of trial when the same has been ascertained.

44.     Plaintiff seeks injunctive relief for the CLRA claims alleged in this Complaint.  Plaintiff's counsel has served on Defendants, contemporaneously with the filing of this Complaint, a CLRA notice letter in accordance with California Civil Code § 1782(a).  Plaintiff will amend this Complaint to assert claims for additional

relief under the CLRA in the event Defendants do not rectify these issues within the appropriate time period outlined in the CLRA.

### THIRD CAUSE OF ACTION
#### Unjust Enrichment

45.    Plaintiff, on behalf of himself and on behalf of all others similarly situated, realleges and incorporates herein by reference each of the foregoing paragraphs.

46.    To the detriment of Plaintiff and members of the Class, Defendants have been, and continue to be, unjustly enriched as a result of the unlawful and/or wrongful acts described herein, and continues to benefit and at the expense and detriment of Plaintiff and members of the Class.

47.    Defendants have benefited from their unlawful acts, and it would be inequitable for Defendants to be permitted to retain any of the ill-gotten gains resulting from the unlawful or wrongful acts described herein.

### FOURTH CAUSE OF ACTION
#### Breach of Contract

48.    Plaintiff, on behalf of himself and on behalf of all others similarly situated, realleges and incorporates herein by reference each of the foregoing paragraphs.

49.    Plaintiff and the members of the Class entered into a contract with Defendants through their purchase of the Subject Bars.

CLASS ACTION COMPLAINT

50.    Implied in the contract between customers and Defendants was that the Subject Bars were labeled accurately and properly.

51.    Defendants breached these contracts by mislabeling the true contents of the Subject Bars and/or selling the mislabeled Subject Bars.

52.    As a direct and proximate result of Defendants' breaches of contract, Plaintiff and Class Members have been damaged in amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests on behalf of himself and other members of the Class, for judgment against Defendants as follows:

1.    For preliminary and permanent injunctive relief enjoining Defendants, their agents, servants and employees, and all persons acting in concert with the Defendants, from engaging in, and continuing to engage in, the unfair, unlawful and/or fraudulent business practices alleged above and that may yet be discovered in the prosecution of this action;

2.    For certification of the putative Class;

3.    For damages, restitution and disgorgement of all money or property wrongfully obtained by Defendants by means of their herein-alleged unlawful, unfair, and fraudulent business practices;

4.    Recovery of the amounts by which the Defendants has been unjustly enriched;

CLASS ACTION COMPLAINT

5.    For an accounting by Defendants for any and all profits derived by Defendants from their herein-alleged unlawful, unfair and/or fraudulent conduct and/or business practices;

6.    For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, California Code of Civil Procedure § 1021.5 and the common law private attorney general doctrine;

7.    For costs of suit; and for such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: September 25, 2012

**GLANCY BINKOW & GOLDBERG LLP**

By: _____
        Marc L. Godino
Lionel Z. Glancy
Casey E. Sadler
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:   (310) 201-9150
Facsimile:   (310) 201-9160
E-mail:      info@glancylaw.com

*Attorneys for Plaintiff Gabe Watkins*

COPY

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Marc L. Godino (182689)<br>Glancy Binkow & Goldberg LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA  90067 | **CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court** |

TELEPHONE NO.: 310-201-9150          FAX NO.: 310-201-9160

ATTORNEY FOR *(Name):* Plaintiff Gabe Watkins

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

**SEP 25 2012**

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DOROTHY SWAIN

| CASE NAME:<br>Watkins v. Vital Pharmaceuticals, Inc. | |
|---|---|

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER:<br>**BC492707** |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☑ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties          d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel     e. ☑ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence             f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*   Unfair Business Practices Act; Unjust Enrichment; Breach of Contract
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 25, 2012

Marc L. Godino
_____          _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

COPY

| SHORT TITLE: Watkins v. Vital Pharmaceuticals, Inc. | CASE NUMBER BC492707 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL _____ ☐ HOURS/ ☐ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Watkins v. Vital Pharmaceuticals, Inc. | CASE NUMBER |
| --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
| --- | --- | --- | --- |
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☒ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Watkins v. Vital Pharmaceuticals, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☑ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Watkins v. Vital Pharmaceuticals, Inc. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☑3. ☐4. ☑5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>15740 Morrison Street |
|---|---|
| CITY:<br>Encino | STATE:<br>CA | ZIP CODE:<br>91436 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 9/25/12

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**
Case Number _____ BC492707

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Kenneth Freeman | 322 | 1702 |
| Judge William F. Highberger | 307 | 1402 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Anthony J. Mohr | 309 | 1409 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| OTHER | | |

### Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR Information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

   **Cases for Which Mediation May Be Appropriate**
   Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

   **Cases for Which Mediation May Not Be Appropriate**
   Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

   **Cases for Which Arbitration May Be Appropriate**
   Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

   **Cases for Which Arbitration May Not Be Appropriate**
   If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

   **Cases for Which Neutral Evaluation May Be Appropriate**
   Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

   **Cases for Which Neutral Evaluation May Not Be Appropriate**
   Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev.12-09)
LASC Approved 05-09

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.890-3.898, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | TELEPHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7328 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

**Information About Alternative Dispute Resolution:**

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

**Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:**

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

---

*These programs do not offer legal advice or help you respond to a summons, but they can assist in resolving your problem through mediation.*

**Dispute Resolution Programs Act**
**Contracts Administration Office: (213) 738-2621**

---

LAADR 007 (Rev. 04/10)
LASC Approved 07-04

**INFORMATION ABOUT**
**ALTERNATIVE DISPUTE RESOLUTION**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's Fee Stamp |
|---|---|---|

**ATTORNEY FOR (Name):**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process *(describe):* _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

| Short Title | Case Number |
|---|---|
| | |

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN**
**ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:         FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                         (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____              >  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)

Date: _____

_____              >  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date: _____

_____              >  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date: _____

_____              >  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date: _____

_____              >  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date: _____

_____              >  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date: _____

_____              >  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):          FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____          ➤ _____
    (TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
    (TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
    (TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
    (TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ (ATTORNEY FOR _____)
    (TYPE OR PRINT NAME)

Date:

_____          ➤ (ATTORNEY FOR _____)
    (TYPE OR PRINT NAME)

Date:

_____          ➤ (ATTORNEY FOR _____)
    (TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                     FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)                    ➤    _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)                    ➤    _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)                    ➤    _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)                    ➤    _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)                    ➤    (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)                    ➤    (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)                    ➤    (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV12- 9374 SJO (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| **312 N. Spring St., Rm. G-8** | **411 West Fourth St., Rm. 1-053** | **3470 Twelfth St., Rm. 134** |
| **Los Angeles, CA 90012** | **Santa Ana, CA 92701-4516** | **Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS   (Check box if you are representing yourself ☐)<br><br>GABE WATKIS, on Behalf of Himself and All Other Persons Similarly Situated, | DEFENDANTS<br><br>VITAL PHARMACEUTICALS, INC., and GENERAL NUTRITION CENTERS, INC. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>GLANCY BINKOW & GOLDBERG LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, California 90067<br>Tel: (310) 201-9150 | Attorneys (If Known)<br><br>MORRIS POLICH & PURDY LLP<br>1055 West 7th Street, 24th Floor<br>Los Angeles, California 90017<br>Tel: (213) 891-9100 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Business and Profession Code section 17200 violation, Breach of Contract and Unjust Enrichment

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number:   CV12-09374-SJO(JCx)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2
CCD-JS44

UNITED STATE DISTRICT COURT, CENTRAL DISTRIC OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
- [ ] A. Arise from the same or closely related transactions, happenings, or events; or
- [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
- [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- [ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
- [ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
- [ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware, Florida and Pennsylvania |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date Oct 31 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |