```
JS-6                    UNITED STATES DISTRICT COURT            Priority ____
                        CENTRAL DISTRICT OF CALIFORNIA          Send     ____
                                                                Enter    ____
                                                                Closed   ____
                            CIVIL MINUTES - GENERAL             JS-5/JS-6 ____
                                                                Scan Only ____
```

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 492707

**CASE NO.:** **CV 12-09374 SJO (JCx)**          **DATE:** **November 26, 2012**

**TITLE:**   **Gabe Watkins, et al. v. Vital Pharmaceuticals, Inc., et al.**

========================================================================
**PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                          Not Present
Courtroom Clerk                           Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**       **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                               Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** [Docket No. 1]

This matter is before the Court on Defendant Vital Pharmaceuticals, Inc.'s ("Defendant") Notice of Removal ("Notice"), filed on October 31, 2012. For the following reasons, the Court **REMANDS** this action to Los Angeles County Superior Court.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant is a Florida corporation with a principal place of business in Florida. (Notice Ex. A ("Compl.") ¶ 8.) Defendant manufactures and distributes sports supplements with a variety of stated health purposes. (Compl. ¶ 18.) One of Defendant's products is marketed and sold as a meal replacement that has no impact on blood sugar or insulin ("Subject Product"). (Compl. ¶ 18.) The labels on the Subject Product state that "[e]very effort has been made to make sure that the sugars contained in this bar have a minimal impact on blood sugar and insulin." (Compl. ¶ 19.) However, the Subject Bars allegedly contain large amounts of undisclosed sugars and carbohydrates, which have a substantial impact on blood sugar and insulin. (Compl. ¶ 20.)

Plaintiff Gabe Watkins ("Plaintiff") repeatedly purchased the Subject Bars from many retailers, including from Defendant General Nutrition Centers, Inc.'s ("GNC") store in Sherman Oaks, California, because of the "Zero Impact" labeling. (Compl. ¶ 24.)

On September 25, 2012, Plaintiff brought the present suit, both individually and as a class action on behalf of similarly situated customers of Defendant's products, alleging (1) unfair competition in violation of the Unfair Business Practice Act, California Business and Professions Code section 17200; (2) deceptive practices in violation of the Consumer Legal Remedies Act, California Civil Code section 1750; (3) unjust enrichment; and (4) breach of contract. (*See generally* Compl.)

Defendant removed this action to federal court on October 31, 2012, contending that the action is removable under the Class Action Fairness Act ("CAFA") because there is minimal diversity and

the combined claims of the Plaintiff class exceed $5 million.  (Notice ¶¶ 5-6.)  On November 13, 2012, Defendant filed a Motion to Dismiss.  (*See generally* Mot. to Dismiss, ECF No. 10.)

II.     DISCUSSION

The Court raises the issue of subject matter jurisdiction *sua sponte*.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court is mandated to remand the case.  *See* 28 U.S.C. § 1447(c).  The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).  As such, the Court finds it appropriate to determine whether subject matter jurisdiction exists here.

In considering whether removal is proper, the Court is informed by two basic principles.  First, the party seeking removal has the burden of establishing federal jurisdiction.  *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir.1993).  Second, statutes authorizing removal are to be strictly construed, with all doubts resolved against removal and in favor of remand.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9t h Cir.1992).  This presumption against removal is consistent with the notion that federal courts are courts of limited jurisdiction, possessing "only that power authorized by the Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

CAFA provides that federal courts have "original jurisdiction" over class actions in which the aggregate number of proposed plaintiffs is 100 or greater, any member of the plaintiff class is a citizen of a state different from any defendant, and the combined claims of the class members exceed $5 million exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).

Because Plaintiff contends that the class comprises thousands of consumers, the first element of original jurisdiction under CAFA is satisfied.  In addition, the second element of original jurisdiction is satisfied because Plaintiff is a resident of Los Angeles, California (Compl. ¶ 7), and Defendant is a Florida corporation with its principal place of business in Florida (Notice ¶ 5).  As such, minimal diversity exists.  Therefore, the Court will focus its analysis on the amount in controversy.

     A.     Defendant Must Prove by a Preponderance That CAFA's Amount in Controversy Requirement Is Met

Under CAFA, the burden of establishing federal jurisdiction remains on the proponent of removal. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 997 (9th Cir. 2007); *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  Where the defendant alleges diversity jurisdiction, this burden includes any applicable amount in controversy requirement.  *Abrego Abrego*, 443 F.3d at 682-83.  The level of proof that defendant must meet, however, depends on the plaintiff's pleadings as to damages.  *Lowdermilk*, 479 F.3d at 998.  There are three possible scenarios. First, where plaintiff claims a sum greater than the jurisdictional requirement, defendant's burden

CASE NO.:  **CV 12-09374 SJO (JCx)**                    DATE: **November 26, 2012**

is "presumptively satisfied unless it appears to a legal certainty" that the amount in controversy is not satisfied. *Id.* (internal quotations omitted). Second, where plaintiff claims a sum less than the jurisdictional requirement, defendant must prove to a "legal certainty" that the amount in controversy is satisfied. *Id.* at 999. Third, where plaintiff does not specify an amount of damages, defendant must prove "by a preponderance of the evidence" that the amount in controversy is satisfied. *Id.* at 998.

This case falls into the third scenario described above. Nowhere in the Complaint does Plaintiff plead a specific amount of damages. Plaintiff simply alleges widespread deceptive practices, asserts that damages sustained by the class are "likely" in the millions of dollars, and prays generally for injunctive relief, restitution, interest, attorneys' fees, and litigation costs. (Compl. ¶¶ 15, 33.) On these bare facts, the Court cannot determine whether the amount in controversy is satisfied. *See Abriego Abrego*, 443 F.3d at 690 (stating that the initial inquiry is "whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy") (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). As such, the Court must look "beyond the four corners of the complaint" to determine whether the Defendant has met its burden of proving that it is more likely than not—*i.e.*, has proven by a preponderance—that a sum greater than $5 million is at stake. *Lowdermilk*, 479 F.3d at 998.

      B.    <u>Defendant Has Not Proven by a Preponderance That More than $5 Million Is in Controversy</u>

In judging whether defendants have satisfied the preponderance of the evidence test, courts are to consider those facts presented in the removal petition as well as any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer*, 116 F.3d at 377 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir.1995)). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 567).

To sustain its burden, Defendant avers that total sales of the Subject Bars in the last four years exceeded $5 million. (Notice ¶ 7.) Defendant contends that because Plaintiff seeks restitution of all monies paid to Defendants as a result of its deceptive practices, including disgorgement of all profits derived from the sale of the Subject Bars, the amount in controversy exceeds $5 million.

This is insufficient to establish that it is more likely than not that more than $5 million is in controversy. Defendant does not submit any documentation to support its claim that its sales exceeded $5 million. Rather, Defendant's affidavit only vaguely alleges that the amount in controversy is met, contending that because Plaintiff alleges that the aggregate damages are in the "millions" there is a legal certainty that the amount in controversy is over $5 million. (Vendler Decl. ¶ 5.) Guided by the principle that all doubts are to be resolved in favor of remand, the Court finds that Defendant has not met its burden in proving the requisite amount in controversy.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** CV 12-09374 SJO (JCx)　　　　　**DATE:** November 26, 2012

III.　　**RULING**

Because Defendant has not met the jurisdictional requirements, the Court **REMANDS** this case to California Superior Court, County of Los Angeles.  This action shall close.

IT IS SO ORDERED.