LIONEL Z. GLANCY (#134180)
MARC L. GODINO (#182689)
CASEY E. SADLER (#274241)
**GLANCY BINKOW & GOLDBERG LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: info@glancylaw.com

*Attorneys for Plaintiff Gabe Watkins*

FILED
2013 SEP -3 PM 3:37
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: ___

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABE WATKINS, on Behalf of Himself and All Other Persons Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> VITAL PHARMACEUTICALS, INC., and GENERAL NUTRITION CENTERS, INC., <br><br> Defendants. | CASE NO.: CV12-9374 SJO (JCx) <br><br> Judge: Hon. S. James Otero <br><br> **AMENDED CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

**ORIGINAL**

Plaintiff Gabe Watkins ("Plaintiff"), by his attorneys, alleges upon personal knowledge as to his own acts, and as to all other matters upon information and belief based upon, *inter alia,* the investigation made by and through his attorneys.

## INTRODUCTION

1. Plaintiff brings this action on behalf of himself and a class of all consumers in the United States who purchased Vital Pharmaceuticals, Inc.'s ("VPX") Subject Bars as defined herein (the "Class").

2. Plaintiff and the Class have been harmed by VPX's misleading and improper marketing of its ZERO IMPACT High Protein Mealbars (the "Subject Bars").[1] In particular, and as alleged in greater detail below, while VPX and General Nutrition Centers, Inc. ("GNC") (collectively "Defendants") brazenly market and advertise the Subject Bars as "ZERO IMPACT," "High Protein Meal Bar[s]," in oversize bold print that covers the entire face of each Subject Bar, on the back of the packaging, in fine print, they admit and concede that their "ZERO IMPACT" marketing scheme is simply not true. As Defendants are well aware, the Subject Bars certainly have an *impact* on consumers' carbohydrate, sugar and overall caloric intake, and to claim otherwise is simply false and misleading. As such, Plaintiff seeks damages, equitable relief and/or disgorgement for Defendants' illegal conduct.

3. Plaintiff asserts claims individually and on behalf of all others similarly situated under the Unfair Competition Law, California *Business and Professions Code* §§ 17200, *et seq.* ("UCL" or "Section 17200") and the Consumers Legal Remedies Act, California *Civil Code* §§ 1750 *et seq.* (the "CLRA").

---

[1] The Subject Bars include VPX's German Chocolate, Peanut Butter & Jelly, Pumpkin Supreme, and Chocolate Peanut Butter flavored ZERO IMPACT High Protein Mealbars.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interests and costs, and this matter is a class action in which class members are citizens of a different state than that of Defendants. As such, the amount in controversy exceeds the jurisdictional minimum of this Court.

5. This Court also has jurisdiction over Defendants because they do sufficient business in California, and have sufficient minimum contacts with California or otherwise intentionally avail themselves of the markets within California through sales and marketing, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

6. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391, because the acts of Defendants occurred in this Judicial District. Moreover, the misconduct at issue had effects in this County. Venue is also proper in this County because Plaintiff resides in Los Angeles, California, VPX sells and distributes the Subject Bars to consumers within this County, and Defendant GNC sells and distributes the Subject Bars to consumers through its numerous retail stores within this County.

## THE PARTIES

7. Plaintiff Gabe Watkins purchased the Subject Bars and was damaged by Defendants' mislabeling and improper marketing of the Subject Bars as alleged herein. Plaintiff Gabe Watkins is currently a resident of Los Angeles, California.

8. Defendant Vital Pharmaceuticals, Inc. ("VPX"), which distributes sports supplements under the brand name VPX, is a sports nutrition corporation located in Florida, United States. Among VPX's better-known products are Redline, Black Pearl, and the ZERO IMPACT and ZERO CARB dietary supplements. VPX's principle executive offices are located at 1600 North Park Drive, Weston, Florida 33326-3210.

9.     Defendant General Nutrition Centers, Inc. ("GNC") is a Delaware corporation with its principle executive offices located at 300 Sixth Avenue, Pittsburgh, Pennsylvania 15222.[2] According to its website (www.gnc.com), GNC is a leading global specialty retailer of health and wellness products, including vitamins, minerals, and herbal supplement products, sports nutrition products and diet products. As of March 31, 2013, GNC had more than 8,200 locations, of which more than 6,200 retail locations are in the United States (including 958 franchise and 2,190 Rite Aid franchise store-within-a-store locations) and franchise operations in 55 countries (including distribution centers where retail sales are made). GNC purports to be dedicated to helping consumers Live Well – has a diversified, multi-channel business model and derives revenue from product sales through company-owned retail stores, domestic and international franchise activities, third party contract manufacturing, e-commerce and corporate partnerships. According to GNC, it has a broad and deep product mix, which is focused on high-margin, premium, value-added nutritional products, and is sold under GNC proprietary brands, including Mega Men®, Ultra Mega®, Total LeanTM, Pro Performance®, Pro Performance® AMP, Beyond Raw®, and under nationally recognized third party brands.

## CLASS ACTION ALLEGATIONS

10.     Plaintiff brings this lawsuit, both individually and as a class action on behalf of similarly situated customers of VPX, pursuant to *Federal Rule of Civil Procedure* 23(a) and (b). The proposed "Class" consists of:

> All individuals in the United States who purchased the Subject Bars. Excluded from the proposed Class are Defendants, their respective officers, directors, and employees, and any entity that has a controlling interest in Defendants. Plaintiff reserves the right to amend the Class definition as necessary.

---

[2] General Nutrition Centers, Inc., is a wholly owned subsidiary of GNC Holdings, Inc.

11. **Numerosity:** Upon information and belief, the Class comprises thousands of consumers throughout the United States and is so numerous that joinder of all members of the Class is impracticable. While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiff reasonably believes that there are at least tens of thousands of Class members.

12. **Common Question of Law and Fact Predominate:** There are questions of law and fact common to the Class, which predominate over any individual issues, including, but not limited to:

    (A)    Whether Defendants engaged in the conduct alleged herein;

    (B)    Whether Defendants' practices were deceptive, unfair, improper and/or misleading;

    (C)    Whether Defendants' conduct as alleged herein violated the UCL, California *Business & Professions Code* §§ 17200 *et seq.*;

    (D)    Whether Defendants' conduct violated the CLRA, California *Civil Code* §§ 1750 *et seq.*;

    (E)    Whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

    (F)    Whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

13. **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by Defendants' common course of conduct since they all relied on Defendants' representations concerning their products and purchased the products based on those representations.

14. **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the interest of the Class. Plaintiff has retained counsel with

substantial experience in handling complex class action litigation. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

15. **Superiority of the Class Action**: A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by each Class member resulting from Defendants' wrongful conduct are too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting their own separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all of the parties and to the court system because of multiple trials of the same factual and legal issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. In addition, Defendants have acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

16. Unless a class is certified, Defendants will retain monies they took from Plaintiff and the proposed Class by means of their unlawful conduct. Unless an injunction is issued, Defendants will continue to commit the alleged violations, and the members of the Class and the general public will continue to be misled.

## FACTUAL ALLEGATIONS

17. According to VPX, it was founded in 1993 with one goal in mind: "To produce the highest-grade, university proven sports nutrition supplements and performance beverages in the world." VPX's website further states in pertinent part:

> VPX delivered on its promise by funding over 15 landmark studies at the top universities in the country including, UCLA. Florida State, Baylor, University of Southern Maine and Memphis Universities et al. VPX continues to update and release new nutrition products, proudly maintaining its distinction as the "Frontrunner in Sports Nutrition." VPX is orchestrated by the world's leading authority, author and developer of performance enhancing supplementation and physique-altering nutrition, Founder and CEO, Jack Owoc.[3]

18. In pursuit of its mantra, VPX makes numerous products with a variety of stated health purposes. For example, the Subject Bars are marketed and sold as "High Protein Meal Bars," with "30g High Grade Protein" per bar, that are name branded as having "ZERO IMPACT." Further, this misleading marketing of the Subject Bars as having "ZERO IMPACT," consumes the entire front packaging of each product.

19. However, the Subject Bars *do not* have "ZERO IMPACT" on individuals that ingest them which makes such advertising false and misleading on its face. In fact, in small print on the back of each Subject Bar, which is often located under the fold of the packaging making it difficult to see and read, it is clear that each Subject Bar has a significant amount of calories as well as material amounts of fat and carbohydrates, which includes sugars. Moreover, while each Subject Bar constitutes one serving and weighs 100 grams, when the grams on each product label are totaled *almost 20% of each Subject Bar* is unaccounted for. As such, since consumers have

---

[3] *See* http://www.vpxsports.com/our-company/.

no idea what constitutes these missing grams, they have no idea what *impact* each Subject Bar truly has on their system.

20. It is also important to note that on the back of the Subject Bars' packaging, in very small print (which practically requires a magnifying glass to read), VPX *admits* the following:

> Every effort has been made to make sure that the sugars contained in this bar have a *minimal impact* on blood sugar and insulin. Consequently, the majority of sugars contained in the ZERO IMPACT® High Protein, Meal Replacement Bar (MRB™) are low DE (Dextrose Equivalent) and, therefore, have significantly *less impact* on blood sugar and glycemic index than most whole grain carbohydrates. This innovation incorporates the use of low glycemic carbohydrates, fiber, high-grade proteins, and naturally occurring essential fats from nuts, seeds, milk proteins and grains. The ZERO IMPACT BAR also contains CLA and Sesamin to maintain healthy blood sugar and insulin levels and reduce body fat. I Jack Owoc, CEO and Chief of Research and Development at VPX, have invested 3.5 years into creating the most scientifically advanced and healthy Protein Bar on the planet. The ZERO IMPACT® MRB™ is a key food source for the ZERO IMPACT Diet™. Mark my word. The ZERO IMPACT dietary concepts are going to be the 21st Century's dominant school of thought regarding rapid fat loss and lean muscle accrual![4]

21. As such, Defendants admit that the Subject Bars do in fact have an *impact* on blood sugar, insulin, and glycemic index. In other words, Defendants

---

[4] This information can also be found on VPX's website at http://www.vpxsports.com/muscle-building-supplements/zero-impact-protein-bars.

concede that their advertising of the Subject Bars as "ZERO IMPACT" is patently false.

22. For these reasons, Defendants knowingly and purposefully violated applicable laws and regulations in the sale of the Subject Bars.

### Plaintiff's Purchase of the Subject Bars

23. Plaintiff Gabe Watkins repeatedly purchased the Subject Bars because of their "ZERO IMPACT" marketing and advertising. For example, on August 1, 2012, Plaintiff Gabe Watkins purchased one of the Subject Bars from one of GNC's stores located in Sherman Oaks, California.

24. Had the Subject Bars been accurately and properly represented to the consuming public, he would not have bought the Subject Bars.

25. Thus, since VPX misrepresented and failed to disclose the true nature of the Subject Bars, and GNC sold the misleading Subject Bars, Defendants have improperly deprived Plaintiff of funds thereby causing him to suffer damages and injury in fact.

### FIRST CAUSE OF ACTION

### Unfair Business Practices Act

### California *Business & Professions Code* §§ 17200 *et seq.*

26. Plaintiff, on behalf of himself and on behalf of all others similarly situated, realleges and incorporates herein by reference each of the foregoing paragraphs.

27. The Unfair Business Practices Act defines unfair business competition to include any "unfair," "unlawful," or "fraudulent" business or practice. Cal. Bus. & Prof. Code §§ 17200, *et seq.* Unfair competition also includes "unfair, deceptive, untrue or misleading advertising." The Act also provides for injunctive relief and restitution for violations.

28. Throughout the relevant time period, Defendants committed acts of unfair competition, as defined by *Business & Professions Code* §§ 17200, *et seq.*, by falsely labeling the Subject Bars.

29. Defendants' conduct is unfair in that the harm to Plaintiff and the Class arising from it outweighs the utility, if any, of those practices.

30. Defendants' conduct was fraudulent and likely to deceive reasonable consumers in that Defendants omitted and/or failed to disclose material facts regarding the Subject Bars. Defendants' failure to properly and adequately disclose the true nature of its Subject Bars constitutes deception by omission. Defendants had a duty to disclose these material facts.

31. The facts concealed and omitted are material facts in that a reasonable consumer would have considered them important in deciding whether or not to purchase the Subject Bars.

32. As a result of Defendants' practices, Plaintiff suffered injury in fact and lost money or property. As a direct and proximate result of the acts and practices alleged above, pursuant to California *Business & Professions Code* §17203, Plaintiff and the Class are therefore entitled to: (a) an Order requiring Defendants to cease the acts of unfair competition alleged herein; (b) full restitution of all monies paid to Defendants as a result of its deceptive practices, including, but not limited to, disgorgement of all profits derived from the sale of the Subject Bars; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia,* California *Code of Civil Procedure* §1021.5.

## SECOND CAUSE OF ACTION

### Deceptive Practices

### Consumers Legal Remedies Act, California *Civil Code* §§ 1750 *et seq.*

33. Plaintiff, on behalf of himself and on behalf of all others similarly situated, realleges and incorporates herein by reference each of the foregoing paragraphs.

34. At all relevant times, Plaintiff and each proposed Class member was a "consumer," as that term is defined in Civil Code § 1761(d).

35. At all relevant times, the Subject Bars constituted "goods," as that term is defined in Civil Code § 1761(a).

36. At all relevant times, VPX and GNC were "persons," as that term is defined in Civil Code § 1761(c).

37. At all relevant times, Plaintiff's and each proposed Class Member's purchase of a Subject Bar constituted a "transaction," as that term is defined in Civil Code § 1761(e).

38. Defendants' practices, acts, policies, and course of conduct violated the CLRA in that Defendants' represented that its Subject Bars have characteristics, uses and benefits which they do not have, in violation of § 1770(a)(5) of the CLRA.

39. Defendants' practices, acts, policies, and course of conduct violated the CLRA in that Defendants improperly represented that its Subject Bars were of a particular standard, quality, or grade, in violation of § 1770(a)(7) of the CLRA.

40. Defendants' practices, acts, policies, and course of conduct violated the CLRA in that Defendants represented that its goods had characteristics with the intent not to sell them as advertised, in violation of § 1770(a)(9) of the CLRA.

41. Defendants' practices, acts, policies, and course of conduct violated the CLRA in that Defendants represented that a transaction confers or involves rights,

AMENDED CLASS ACTION COMPLAINT – CV12-9374 SJO (JCx)
11

remedies, or obligations which it does not have, in violation of § 1770(a)(14) of the CLRA.

42. Plaintiff seeks restitution of all monies received by Defendants as a result of its improper sale of the misleading Subject Bars as provided in California Civil Code § 1780. Plaintiff is informed and believes that the amount of said restitution is unknown at this time, but will seek relief to amend this complaint at the time of trial when the same has been ascertained.

43. Plaintiff seeks injunctive relief and damages for the CLRA claims alleged in this Amended Complaint. Plaintiff's counsel served on Defendants, contemporaneously with the filing of the original Complaint, a CLRA notice letter in accordance with California Civil Code § 1782(a). To date, Defendants have not rectified the issues complained of herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests on behalf of himself and other members of the Class, for judgment against Defendants as follows:

1. For preliminary and permanent injunctive relief enjoining Defendants, their agents, servants and employees, and all persons acting in concert with the Defendants, from engaging in, and continuing to engage in, the unfair, unlawful and/or fraudulent business practices alleged above and that may yet be discovered in the prosecution of this action;

2. For certification of the putative Class;

3. For damages, restitution and disgorgement of all money or property wrongfully obtained by Defendants by means of their herein-alleged unlawful, unfair, and fraudulent business practices;

4. Recovery of the amounts by which Defendants have been unjustly enriched;

5. For an accounting by Defendants for any and all profits derived by Defendants from their herein-alleged unlawful, unfair and/or fraudulent conduct and/or business practices;

6. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, California *Code of Civil Procedure* § 1021.5 and the common law private attorney general doctrine; and

7. For costs of suit; and for such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: September 3, 2013

GLANCY BINKOW & GOLDBERG LLP

By: _____
Marc L. Godino

Lionel Z. Glancy (#134180)
Marc L. Godino (#182689)
Casey E. Sadler (#274241)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: info@glancylaw.com

*Attorneys for Plaintiff Gabe Watkins*

## PROOF OF SERVICE VIA U.S. MAIL AND ELECTRONIC MAIL

I, the undersigned, say:

I am a citizen of the United States and am over the age of 18 and not a party to the within action. My business address is 1925 Century Park East, Suite 2100, Los Angeles, California 90067.

On September 3, 2013, I served the following document:

### AMENDED CLASS ACTION COMPLAINT

on counsel for the parties in this action, addressed as stated below:

Alan J. Droste
King Parret & Droste LLP
450 Newport Center Drive, Suite 500
Newport Beach, CA 92660
Email: adroste@kpdlex.com

*Counsel for Defendants Vital Pharmaceuticals, Inc. and General Nutritions Centers, Inc.*

**By U.S. Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

**By E-Mail**: By emailing a true and correct copy of the document to counsel listed above on September 3, 2013 at approximately 12:00 p.m.

Executed on September 3, 2013, at Los Angeles, California.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

_____
Tia Reiss